George E. Rosemond, Esq. (226389)
erosemond@williamskherkher.com
WILLIAMS KHERKHER HART BOUNDAS LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77019
Telephone: (713-230-2200
Facsimile: (713)-643-6226

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE LOUIE, JOHN S. HAMILTON, and JOHN WILSON, Individually and on behalf of all others similarly situated,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE; and DOES 1 through 10, Inclusive,<br><br>　　　Defendants. | Individual Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1.　Violation of California Consumer Legal Remedies Act, Cal. Bus. & Prof. Code § 1750, et seq.<br>2.　Violation of Cal. Bus. & Prof. Code § 17200, et seq.<br>3.　Violation of Cal. Bus. & Prof. Code § 17500<br>4.　Unjust Enrichment<br>5.　Breach of Implied Warranties<br>6.　Breach of Express Warranties<br>7.　Violation of California Consumer Legal Remedies Act, Cal. Bus. & Prof. Code § 1750, et seq. |

**JURY TRIAL DEMANDED**

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1.　　This is an action to recover for damages sustained by the Plaintiffs GEORGE LOUIE,

JOHN S. HAMILTON, and JOHN WILSON and all other persons in the State of California who were

prescribed and purchased on or after May 25, 1999, through November 14, 2007, the diabetes drug

rosiglitazone, advertised, marketed, and sold under the trade name(s) Avandia® Tablets, Avandamet®

Tablets, and Avandaryl® Tablets, hereinafter "Avandia", which was designed, developed, labeled,

-1-

**CLASS ACTION COMPLAINT**

1   advertised, marketed, promoted, and sold by the Defendants SMITHKLINE BEECHAM
2   CORPORATION d/b/a GLAXOSMITHKLINE and GLAXOSMITHKLINE, PLC (hereinafter referred
3   to collectively as "Defendants" or "GSK"). Plaintiff JOHN WILSON also brings this action individually
4   and on behalf of all such California purchasers who were 65 years old or older when they purchased
5   Avandia.

6                          **STATEMENT OF PARTIES**

7           2        This action is brought pursuant to California Code of Civil Procedure §382, California
8   Civil Code § 1781 et seq., and the procedural provisions of Rule 23 of the Federal Rules of Civil
9   Procedure. Plaintiffs bring this action on behalf of themselves and on behalf of all persons within the
10  class defined herein. Plaintiffs GEORGE LOUIE, JOHN S. HAMILTON, and JOHN WILSON bring
11  this action individually and on behalf of all others similarly situated to recover damages sustained as a
12  result of purchasing Avandia. Plaintiff JOHN WILSON does so as well on his behalf and that of all
13  California purchasers who were 65 years old or older when they purchased Avandia.

14          3.       Plaintiffs GEORGE LOUIE, JOHN S. HAMILTON, and JOHN WILSON represent all
15  persons in the State of California who were prescribed and purchased on or after May 25, 1999, through
16  November 14, 2007 ("Class Period"), the diabetes drug Rosiglitazone, advertised, marketed, and sold
17  under the trade name(s) Avandia® Tablets, Avandamet® Tablets, and Avandaryl® Tablets, hereinafter
18  "Avandia", which was designed, developed, labeled, advertised, marketed, promoted, and sold by the
19  Defendants. Hereinafter such persons and Plaintiff are collectively defined and referred to as the
20  "Class". Plaintiff JOHN WILSON represents all such persons who were 65 years old or older when they
21  purchased Avandia.

22          4.       Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline is a Pennsylvania
23  corporation, with its principal place of business located at One Franklin Plaza, 200 N. 16th Street,
24  Philadelphia, Pennsylvania. SmithKline Beecham Corporation d/b/a GlaxoSmithKline is a wholly
25  owned subsidiary of GlaxoSmithKline, PLC, and also conducts pharmaceutical research and
26  development in the United States under the corporate fictitious name GlaxoSmithKline. SmithKline

27
28

**CLASS ACTION COMPLAINT**

Beecham Corporation d/b/a GlaxoSmithKline, on information and belief, at all times relevant, manufactured, advertised, labeled, marketed, promoted, sold, and distributed Rosiglitazone in the United States, including the State of California.

5.      Defendant GlaxoSmithKline, PLC is a British corporation headquartered at Glaxo Wellcome House, Berkley Avenue, Greenford, Middlesex, England.  GlaxoSmithKline, PLC has its principle place of business in the United States at One Franklin Plaza, 200 N. 16th Street, Philadelphia, Pennsylvania.   In December, 2000, GlaxoSmithKline, PLC acquired Glaxo Wellcome, PLC and SmithKline Beecham, PLC, both British public limited companies.   At all relevant times, GlaxoSmithKline was the holding company of SmithKline Beecham Corporation d/b/a GlaxoSmithKline, which was engaged in the business of marketing and/or distributing Avandia throughout the United States, including the State of California and within this district and derives substantial revenues from goods consumed in California and within this district.[1]

6.      At all times material to this lawsuit, the Defendants were engaged in the business of, or were successors in interest to, entities engaged in the business of researching, licensing, designing, formulating, compounding, testing, manufacturing, producing, processing, assembling, inspecting, distributing, marketing, labeling, promoting, packaging, advertising, distributing and/or selling the prescription drug product Avandia, Avandamet and Avandaryl as an antidiabetic medication to the Class, including Plaintiffs.

7.      At all times material to this lawsuit, the Defendants were authorized to do business within the State of California and did in fact supply Avandia within the state of California and within this district.

## JURISDICTION AND VENUE

8.      This is an action seeking damages in excess of this court's jurisdictional limits, exclusive of interest, costs, and attorneys' fees. This Court has jurisdiction over Defendants pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and is between citizens of different states and a foreign state.  Venue is proper in that Defendants transacted business and committed, in whole or in

---

[1] The defendants identified in paragraphs 4 and 5 may also be collectively referred to as "GSK".

G:\Litigation\Pharmaceutical - Mass Torts\Avandia\CLASS ACTION\Avandia Complaint - Class Action Suit California.wpd

**CLASS ACTION COMPLAINT**

1  part, unfair trade practices in California by (1) making false and misleading statements or representations
2  regarding the efficacy and safety of the prescription drug Avandia; (2) such statements were knowingly
3  made in connection with the marketing, promoting, distributing, and/or selling of Avandia in interstate
4  commerce and in the State of California; (3) the conduct complained of occurred in the regular course
5  of Defendants' trade or commerce; and, (4) the representations are of the type that might tend to or did
6  mislead or deceive a person. The Defendants' conduct within California was continuing and systematic
7  throughout all times material herein, and they have conducted business in this state so that they should
8  have reasonably anticipated being called into court in California.

9        9.      GEORGE LOUIE, JOHN S. HAMILTON, and JOHN WILSON are all residents of and
10  are consumers in California.  Specifically, George Louie resides at 2810 Peach Tree Street, West
11  Sacramento, CA  95691; John S. Hamilton resides at PO Box 134, Ivanhoe, CA  93235; and John
12  Wilson resides at 5840 Sweeny Road, Summerset, CA  95684.  At all relevant times, Defendants were
13  in the business of designing, licensing, promoting, manufacturing, marketing, selling and distributing
14  pharmaceuticals and other products, including Avandia.

15        10.     Venue is proper in this Court.  The injuries sustained by Plaintiffs and Class members
16  occurred in the State of California and many of the acts and/or occurrences giving rise to the injuries of
17  Plaintiffs occurred in the State of California within this judicial district.

18                    **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

19        11.     Plaintiffs re-allege and reaffirm paragraphs 1-9 as if fully set forth herein.

20        12.     GSK manufactures, promotes, distributes, labels, and markets Rosiglitazone under the
21  trade name(s) of Avandia® Tablets, Avandamet® Tablets, and Avandaryl® Tablets.

22        13.     Rosiglitazone is a member of a class of drugs known as Thiazolidinediones (TZDs).

23        14.     Avandia® was first approved for use in the United States in 1999 for the treatment of
24  type 2 diabetes mellitus, also known as non-insulin-dependent diabetes mellitus ("NIDDM") or
25  adult-onset diabetes.

26        15.     In 2002, Avandamet®, a single pill combination of Avandia® and metformin, was
27  approved in the United States for use in treatment of type 2 diabetes mellitus.

28

**CLASS ACTION COMPLAINT**

16.   In 2005, Avandaryl®, a single pill combination of Avandia® and Amaryl®, likewise was approved in the United States for use in treatment of type 2 diabetes mellitus.

17.   Type 2 diabetes is the most common form of diabetes and occurs where the body fails to properly use insulin (insulin resistance), combined with relative insulin deficiency.[2] Insulin, which is made in the pancreas, helps the body's cells use sugar from the bloodstream, which comes from foods and drinks.  Sugar is a source of energy for cells.[3]

18.   Most people with diabetes have health problems -- or risk factors -- that increase the risk for heart disease and stroke. More than 65% of people with diabetes die from heart disease or stroke. With diabetes, heart attacks occur earlier in life and often result in death.

19.   Cardiovascular disease (CVD) is the main cause of death in these patients.  Thus, it is important that an antidiabetic agent reduce the risk of cardiovascular injury.

20.   During the past decade, numerous drugs have been introduced for the treatment of type 2 diabetes and were used in monotherapy or in combination therapy.  The makers of these drugs, Defendants included, purport the drugs are supposed to better control the disease in patients and reduce the health complications often associated with diabetes, such as heart attacks, strokes and other cardiovascular complications.

21.   Thiazolidinediones (TZDs) are a novel class of insulin-sensitizing antidiabetic agents. In the USA and Canada, two TZDs are indicated for use in type 2 diabetes mellitus, rosiglitazone and pioglitazone.   A third, troglitazone (Rezulin) has been removed from the market because of an association with significant hepatotoxicity.

22.   The antidiabetic actions of TZDs are likely mediated by their interaction with the nuclear receptor peroxisome proliferator-activated receptor-gamma (PPARγ).

23.   GSK is licensed to do business and in fact does business by agent in the State of California. At all relevant times, GSK designed, developed, licensed, marketed, manufactured, and sold Avandia to consumers throughout the United States and the State of California.

---

[2]   http://www.diabetes.org/about-diabetes.jsp

[3]   Id.

**CLASS ACTION COMPLAINT**

24.     In July 1999 Plaintiff John S. Hamilton purchased Avandia in the State of California, after it had been prescribed for him/her by a physician licensed in the State of California.  Plaintiff Hamilton last used Avandia purchased in California in July 2000.  In June 2000 Plaintiff George Louie purchased Avandia in the State of California, after it had been prescribed for him/her by a physician licensed in the State of California.  His last purchase was in November 2007.  And Plaintiff John Wilson purchased Avandia in 1999, and his last purchase was 2001.  Plaintiff Wilson was over the age of 65 when he purchased Avandia.  Avandia was manufactured, sold, marketed, advertised, and distributed and placed in the stream of commerce by the Defendants.

25.     When Plaintiffs bought Avandia, like all Class members, they did not know, and could not have known, that Avandia was defective and could cause him to suffer a heart attack or even death.  Like all Class members, they did not know Defendants' representations about Avandia's safety, efficacy, and qualities were untrue, deceptive, false, and/or misleading.  Each and every one of Defendants' representations about Avandia's safety, effectiveness, and efficacy were likely to deceive consumers, including the Class, and were in fact deceptive.  This deception caused Plaintiffs' and the Class' purchase of Avandia.

26.     Plaintiffs, like all Class members, did not know, and could not have known, that prior to the date they bought Avandia, that the Defendants were aware and had knowledge that Avandia was defective and had the propensity to cause severe injury including death, and was not safe, effective, and/or efficacious as they represented.

27.     In fact, Defendants knew as early as 1999 that Avandia was dangerous and could cause heart attacks and deaths.

28.     In 1999, Dr. John B. Buse (the current president-elect of the American Diabetes Association), a diabetes expert and head of endocrinology at the University of North Carolina, Chapel Hill, raised concerns about Avandia and heart problems, including the risk of heart attack and death.

29.     GSK attempted to silence Dr. Buse and further conceal the true nature of Avandia risks by threatening Dr. Buse with a $4 Million lawsuit and by characterizing him as a liar.[4]

---

[4] John Buse, M.D. Congressional Hearing Transcript (June 6, 2007).

G:\Litigation\Pharmaceutical - Mass Torts\Avandia\CLASS ACTION\Avandia Complaint - Class Action Suit California.wpd

**CLASS ACTION COMPLAINT**

30.      In response to GSK's pressure, Dr. Buse sent a three-page letter to Dr. Tadataka Yamada, GSK's Chairman of Research and Development.  In the letter, Dr. Buse wrote, "I may disagree with GSK's interpretation of that data…I am not for sale … Please call off the dogs. I cannot remain civilized much longer under this kind of heat."  Eventually, Dr. Buse signed a clarifying statement with the company to help ease investor concerns.

31.      On March 15, 2000, John Buse, MD wrote a letter to the FDA again raising concerns about a "worrisome trend in cardiovascular deaths and severe adverse events" associated with Avandia:

> I would like you to know exactly what my concerns are regarding rosiglitazone as a clinical scientist and my approach as a clinician. On the basis of the increase in LDL concentration seen in the clinical trial program (whether the number we accept as the truth is the 18.6% at 4 mg bid in the package insert or the "average of 12%" now being discussed) one would expect an increase in cardiovascular events….Based on studies with statins and plasmapheresis, changes in LDL concentration can be associated with substantial changes in vascular reactivity and endothelial function over a time course of days to weeks.[5]

32.      Dr. Buse was not the only person to alert GSK to the increased risk of heart attack and death associated with Avandia.  Shortly after Dr. Buse raised concerns related to increased risk of heart attacks associated with Avandia, Public Citizen filed a petition, on March 7, 2000, seeking immediate class labeling changes for all marketed TZDs,[6] including rosiglitazone.

33.      In an independent investigation of the TZDs, Public Citizen, after studying reviews by FDA Medical Officers, Statisticians, and Pharmacologists, transcripts of FDA advisory committee meetings, and scientific literature on trolitazone, rosiglitazone, and pioglitazone, argued that information associating rosiglitazone to heart attacks and serious cardiovascular injuries "was never included in the label, or seriously understated.[7]"

---

[5]  Letter from Dr. Buse to FDA (March 15, 2000)

[6]  Public Citizen's Petition to the FDA requesting that it immediately require labeling for diabetes drugs troglitazone (Rezulin), rosiglitazone (Avandia) and pioglitazone (Actos) (HRG Publication #1514) (March 7, 2000)

[7]  *Id.* at 1

**CLASS ACTION COMPLAINT**

34.   Public Citizen cited studies submitted to the FDA for approval that evidenced lack of efficacy and increase in cardiovascular risks, including but not limited to the increased risk of suffering a heart attack.

35.   Public Citizen argued that no where in the product insert was there any mention of myocardial infarction even where the increased risk of myocardial infarction was found in GSK's own studies.

36.   Public Citizen pointed to several studies, many of which were studies conducted by GSK. The conclusion reached by Public Citizen was that rosiglitazone was not as effective as alleged and the ingestion of rosiglitazone increased the risk of myocardial infarction, death and other serious cardiovascular injuries.[8]

37.   This is obviously a major concern since diabetics are already susceptible to an increased risk of cardiovascular injury.

38.   In addition to the concerns raised by Dr. Buse and Public Citizen, there has also been at least three meta-analyses conducted. Each of those three meta-analysis has found that Avandia increases the risk of cardiovascular-related injury, including but not limited to myocardial infarction and death.

39.   A meta-analysis combines the result of several studies that address a set of related research hypotheses.

40.   The first analysis was performed by GSK and was handed over to the FDA in August of 2006. The meta-analysis consisted of 42 separate double-blinded, randomized, controlled clinical trials to assess the efficacy of rosiglitazone for treatment of type 2 diabetes compared to either placebo or other antidiabetic therapies in patients with type 2 diabetes. The combined studies included 8,604 patients on rosiglitazone and 5,633 patients randomized to a variety of alternative therapeutic regimens, including placebo.

---

[8] *Id.* at 6

O:\Litigation\Pharmaceutical - Mass Torts\Avandia\CLASS ACTION\Avandia Complaint - Class Action Suit California.wpd

**CLASS ACTION COMPLAINT**

41.     GSK's own meta-analysis found an overall incidence of myocardial ischemia in rosiglitazone-treated subjects. The risk equated to more than a 30 percent increase in risk of myocardial ischemic events in rosiglitazone-treated patients.

42.     A second meta-analysis conducted by Dr. Steven Nissen and Kathy Wolski titled Effect of Rosiglitazone on the Risk of Myocardial Infarction and Death from Cardiovascular Causes was published on May 21, 2007, in the New England Journal of Medicine (NEJM).

43.     Nissen and Wolski reviewed data available to them through published literature, the FDA website, and GlaxoSmithKline's clinical-trials registry. The analysis included a review of 42 clinical trials involving nearly 28,000 patients.

44.     Nissen and Wolski concluded that "[r]osiglitazone was associated with a significant increase in the risk of myocardial infarction and with an increase in the risk of death from cardiovascular causes that had borderline significance.[9]"

45.     Hence, it was found that patients suffering from Type 2 diabetes mellitus have a higher risk of experiencing a heart attack within seven years than non-diabetic patients. But a diabetic taking Avandia has a much greater risk of suffering a heart attack or serious cardiovascular event – an estimated 43 percent increase or greater –when compared with other diabetes drugs or placebos.

46.     On July 30, 2007, the FDA presented its results of the FDA meta-analysis. Similar to the GSK and Nissen/Wolski findings, the FDA likewise found an increased risk of heart attack, cardiovascular death, stroke and other serious ischemic related adverse events and ultimately recommended that a boxed warning be placed on the Avandia label.

47.     Thus, while GSK's rosiglitazone-containing drugs are marketed and sold by GSK as antidiabetic agents that reduce a diabetic patient's risk of heart attacks, studies conducted by GSK showed that rosiglitazone actually increases those risks by 43 percent according to the Nissen/Wolski meta-analysis and by 31 percent according to GSK's own meta-analysis.

---

[9] Nissen SE and Wolski K., *Effects of Rosiglitazone on the Risk of Myocardial Infaction and Death from Cardiovascular Causes, N Engl J Med*; 356, May 21, 2007.

G:\Litigation\Pharmaceutical - Mass Torts\Avandia\CLASS ACTION\Avandia Complaint - Class Action Suit California.wpd

48.    Yet, even with this information available to it, GSK failed to warn consumers and the medical community about the increased risk of heart attacks and other serious injuries associated with Avandia.

49.    It continued to represent to the public that Avandia was safe, effective, and efficacious in treating diabetes, which was patently untrue. Indeed, at all times during the class period Defendants have represented to the public, including the citizens of California, that Avandia was a safe, effective, and efficacious treatment for diabetes. Each and every one of Defendants' representations about the Avandia's safety, effectiveness, and efficacy were likely to deceive consumers, including the Class, and were in fact deceptive.

50.    Following the May 21, 2007 NEJM publication of the Nissen/Wolski meta-analysis, the FDA issued a safety alert for Avandia and advised patients who take it to consult their doctors.

51.    At a congressional hearing held on June 6, 2007, the FDA indicated that a black box warning should be added to rosiglitazone (Avandia), for increased risk of heart failure.

52.    Dr. David Graham, testifying on behalf of the FDA at the July 30, 2007, FDA Avandia safety hearing, called for withdrawing Avandia and estimated that its toxic effects on the heart had caused up to 205,000 heart attacks and strokes, some fatal, from 1999 to 2006. For every month that Avandia is sold, Dr. Graham said, 1,600 to 2,200 patients will suffer more of those problems.

53.    The FDA provided testimony that Avandia offers no unique benefits compared to other drugs in battling diabetes, but that all indications point to increased risks of heart attack and sudden death. Of course, during the class period, defendants advertised, marketed, and sold Avandia asserting just the opposite – that Avandia was a safe, effective, and efficacious treatment for diabetes.

54.    The panel of advisers to the Food and Drug Administration voted 20 to 3 that Avandia increases the risks of heart attacks.

55.    On or about November 14, 2007, the FDA announced that a boxed warning would be added to the Avandia label.

56.    Despite knowing of this defect prior to the date of Plaintiffs' and Class members' purchase of Avandia, Defendants falsely, deceptively, and inaccurately represented to the Class, physicians, hospitals, nursing homes and other health care providers of Avandia's true characteristics.

1    Defendants' representations and conduct regarding Avandia was likely to deceive, and was in fact,
2    deceptive.

3           57.    Despite having actual notice of the dangerous propensities associated with Avandia, prior
4    to the Plaintiffs' and the Class' purchase of Avandia, the Defendants did not advise consumers or
5    medical providers of the known dangers of Avandia consumption, including but not limited to the
6    increased risk of heart attacks and deaths.

7           58.    Even after being made aware of the numerous reports of myocardial infarction, including
8    those adverse events that occurred during GSK's own studies, Defendants still failed to take all
9    reasonable and necessary steps to ensure that the consuming public, including Plaintiffs, were aware of
10   the increased risk of heart attack or death – or to apprize them its previous representations about Avandia
11   were false, untrue, and misleading.

12          59.    Plaintiff alleges that GSK was aware of the dangerous propensity of Avandia referred
13   to herein, that they knew the risks and dangers posed to those using Avandia, and Defendants acted with
14   willful and wanton disregard for the safety of the consuming public, including Plaintiffs.

15          60.    Defendants have widely promoted the use of Avandia as a safe and effective method of
16   treating type 2 diabetes mellitus.  Avandia became an enormous source of profits for Defendants.

17          61.    Accordingly, the Defendants had a significant financial incentive to suppress,
18   misrepresent and/or conceal any potential dangers or risks associated with Avandia.

19          62.    Plaintiffs assert that GSK acted for the purpose of maximizing profits, and those actions
20   were likely to deceive the Class.

21          63.    GSK failed to adequately or appropriately disclose material information relating to the
22   dangers associated with Avandia.  The Class and their doctors did not have adequate information to
23   know the warning signs of rosiglitazone because of Defendants' campaign, which was likely to deceive
24   them, and was deceptive. At all times material hereto, the Defendants have engaged in the business of
25   selling, distributing, supplying, designing, manufacturing, marketing and promoting the drug Avandia
26   that is defective and unreasonably dangerous to consumers, including Plaintiffs.

27          64.    At all times material hereto, Defendants' representations and conduct, including
28   omissions, regarding Avandia and its  sale, distribution, marketing and promotion, were expected to

-11-

1  reach, and did reach, prescribing physicians and consumers in the State of California. These actions
2  were likely to deceive. These actions caused consumers to purchase Avandia.

3      65.     At all times material hereto, the Avandia sold, distributed, supplied, designed,
4  manufactured and/or promoted by the Defendants was in a defective and unreasonably dangerous
5  condition at the time Avandia was manufactured, packaged, assembled, labeled, distributed, supplied,
6  and placed in the stream of commerce in ways which include, but are not limited to, one or more of the
7  following particulars:

8          a.    When manufactured, packaged, assembled, labeled, distributed, supplied, and
9                placed in the stream of commerce, Avandia, in its various forms, contained
10               unreasonably dangerous design defects and was not reasonably safe as intended
11               to be used, subjecting Plaintiffs to risks which exceeded the benefits of the drugs;

12         b.    When manufactured, packaged, assembled, labeled, distributed, supplied, and
13               placed in the stream of commerce, Avandia, in its various forms, was defective
14               in design and formulation, making use of the drugs more dangerous than an
15               ordinary consumer would expect and more dangerous than other risks associated
16               with diabetes;

17         c.    Avandia, in its various forms, was insufficiently tested;

18         d.    Avandia, in its various forms, was marketed to be used in a combination which
19               was known to the Defendants to cause harmful side effects which outweighed
20               any potential utility; and

21         e.    Alone or in combination, Avandia, in its various forms, was not safe for its
22               intended use as anti-diabetic medication.

23     66.     There was a serious risk of harm to the public that resulted from the defect in Avandia.
24  Defendants were aware of the existence and seriousness of the defects prior to the sale of Avandia. The
25  amount of profits that Defendants received from other sales of the defective drug, in its various forms,
26  was in the millions of dollars. Defendants attempted to conceal the defect or deceive the public about
27  the safety of Avandia.

28

-12-       Q:\Litigation\Pharmaceutical - Mass Torts\Avandia\CLASS ACTION\Avandia Complaint - Class Action Suit California.wpd

**CLASS ACTION COMPLAINT**

67.    Defendants never disclosed any of this to consumers, and thus, its acts and representations regarding Avandia, were false, misleading, and likely to deceive consumers.

68.    Avandia was defective and unreasonably dangerous when the drugs were manufactured, packaged, assembled, labeled, marketed, distributed, supplied, placed in the stream of commerce and when Avandia left the possession of the Defendants in that they contained warnings which were misleading regarding the purported benefits associated with Avandia and were inadequate and insufficient to alert physicians and consumers, such as Plaintiffs, to the dangerous risks and reactions associated with Avandia, including, but not limited to, heart attacks and other serious and life threatening side affects.  Plaintiffs' injuries and losses are continuing in nature.

69.    The physicians prescribed Avandia to Plaintiffs for its intended purposes, i.e., anti-diabetic agent.

70.    The prescribing physicians could not have discovered any defect in Avandia through the exercise of reasonable care.

71.    The Defendants, as manufacturer of prescription devices, is held to the level of knowledge of an expert in the field.

72.    The prescribing physicians did not have substantially the same knowledge as an adequate warning from the manufacturer or distributor should have communicated to the prescribing physicians.

73.    At the time Defendants marketed, sold, designed, created, manufactured, tested, labeled, packaged, supplied, advertised, warned and otherwise distributed and placed Avandia in the stream of commerce, Defendants knew of that the use for which Avandia was intended warranted the product to be of merchantable quality and safe and fit for its intended use.

74.    On information and belief, Defendants intentionally, deliberately and wrongfully withheld relevant information relating to the dangerous propensity of Avandia from health care providers and from the users of this product.

## CLASS ACTION ALLEGATIONS

75.    Plaintiffs re-allege and reaffirms paragraphs 1-74 as if fully set forth herein.

O:\Litigation\Pharmaceutical - Mass Torts\Avandia\CLASS ACTION\Avandia Complaint - Class Action Suit California.wpd

**CLASS ACTION COMPLAINT**

76.     The proposed plaintiff class (the "Class") consists of all persons who:

(a)     All persons in the State of California who were prescribed and purchased on or after May 25, 1999, through November 14, 2007, the diabetes drug rosiglitazone, advertised, marketed, and sold under the trade name(s) Avandia® Tablets, Avandamet® Tablets, and vandaryl® Tablets, hereinafter "Avandia", which was designed, developed, labeled, advertised, marketed, promoted, and sold by the Defendants; and

(b)     such California purchasers who were 65 years old or older when they purchased Avandia.

77.     Excluded from the Class are Defendants herein, officers and directors of Defendants, members of the immediate family of Defendants, any judge or justice to whom this action is assigned and their immediate family, and the legal representatives, heirs, successors or assigns of any such excluded party.

78.     At all material times, Plaintiffs named herein were and are within the Class as described in the Paragraph(s) above

79.     This action has been brought and may be properly maintained as a class action pursuant to the provisions of California Code of Civil Procedure § 382, California Civil Code § 1781, et seq., FRCP 23 and the case law thereunder.

80.     This Court should permit this action to be maintained as a class action because:

(a)     The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b)     A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

( c)    The Class is so numerous that it is impractical to bring all members of the Class before the Court;

(d)     Plaintiff, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which Defendants' actions have inflicted upon the Class;

(f)     Without class certification, the prosecution of separate actions by individual members of the Class would create a risk of;

-14-                        G:\Litigation\Pharmaceutical - Mass Torts\Avandia\CLASS ACTION\Avandia Complaint - Class Action Suit California.wpd

      (i)      Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or

      (ii)     Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests; and

      (iii)    Unnecessary delay and expense to all parties and to the court system.

      (g)    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

81. The Class is so numerous that is impractical to bring all members of the Class before the Court. Plaintiffs estimate that there are likely thousands of putative Class members in California. The precise number of Class members and their addresses are unknown but can be obtained from Defendants' own records. This information can then be used to contact potential Class members.

82. There is a well-defined community of interest in the question of law and fact involved, in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which Defendants' actions have inflicted upon the Class. The questions of law and fact common to the Class predominate over any question affecting only individual members. These common legal and factual questions include, but are not limited to:

    a.    Did Avandia's benefits outweigh its risks, as Defendants so represented;

    b.    Was Avandia safe, as Defendants so represented;

    c.    Was Avandia effective, as Defendants so represented;

    d.    Did Defendant suppress accurate safety information about Avandia;

    e.    Did Defendant timely and accurately pass on to consumers and their doctors safety information about Avandia;

    f.    Were Defendants conduct and representations likely to deceive consumers about Avandia's safety;

G:\Litigation\Pharmaceutical - Mass Tort\Avandia\CLASS ACTION\Avandia Complaint - Class Action Suit California.wpd

g.  Were Defendants conduct and representations likely to deceive consumers about Avandia's effectiveness; and

h.  Were Defendants conduct and representations likely to deceive consumers about Avandia's efficacy?

i.  Whether Defendants engaged in unfair competition from which they unjustly profited;

j.  Whether the conduct of Defendants establishes liability in favor of the Class;

k.  Whether the Class is entitled to recover restitution and/or damages, including punitive damages, and the proper measure thereof.

83.  Plaintiffs' claims are typical of the claims of the members of the Class which they seek to represent.  Plaintiffs will fairly and adequately protect the interests of the Class which they seek to represent because their interests do not conflict with the interests of the members of the Class.  Plaintiffs have retained counsel competent and experienced in complex class action litigation and Plaintiffs intend to prosecute this action vigorously.

**FIRST CAUSE OF ACTION**

(Violation of California Consumer Legal Remedies Act,

Cal. Bus. & Prof. Code § 1750, et seq.

By All Plaintiffs Against All Defendants)

84.  Plaintiffs re-allege and reaffirm paragraphs 1-83 as if fully set forth herein.

85.  Plaintiffs restate and incorporate by this reference each and every preceding paragraph in this complaint as though fully set forth at this point.

86.  The Consumer Legal Remedies Act ("CLRA") applies to Defendants' actions and conduct described herein.  The CLRA extends to transactions that are intended to result, or which have resulted, in the sale of lease of goods or services to California consumers.

87.  Plaintiffs and each member of the Class are "consumers" within the meaning of Civil Code § 1761(d).

88.  Defendants herein sold their product and services to Plaintiffs and each member of the Class herein.

G:\Litigation\Pharmaceutical - Mass Torts\Avandia\CLASS ACTION\Avandia Complaint - Class Action Suit California.wpd

**CLASS ACTION COMPLAINT**

89.     Defendants conduct as alleged herein violated the CLRA in several respects, including:

    a.    In violation of Section 1770(a)(5) by representing Avandia had benefits, characteristics, benefits, and/or qualities which they do not have;

    b.    In violation of Section 1770(a)(7) by representing that Avandia is of a particular standard and quality, when it is not; and

    c.    In violation of Section 1770(a)(9) by advertising goods or services with the intent not to sell them as advertised..

90.     Each of the representations Defendants made regarding Avandia were material, consistent, uniform, and widespread. Defendant specifically targeted the Class and their doctors. In fact, Defendants intended for their representations to affect the conduct of the Class' doctors prescribing habits. Plaintiffs themselves and their doctors relied on these representations. Plaintiffs, individually and on behalf of each member of the Class, seek economic damages, restitution and injunctive and declaratory relief, including an order requiring defendants to disgorge all profits obtained as a result of their unfair competition.

91.     Plaintiffs, have complied with all of the conditions of Section 1782. Plaintiffs sent, via certified or registered mail to Defendants at their principal places of business, a written demand that Defendants correct the violations and provide a remedy for the violations alleged herein. Such notice was sent to Defendants more than thirty (30) days ago. Since, then Defendants have failed to provide the appropriate remedy or agreed to do so within a reasonable time.

## SECOND CAUSE OF ACTION

(Violation of Cal. Bus. & Prof. Code § 17200, et seq.

By All Plaintiffs Against All Defendants)

92.     Plaintiffs re-allege and reaffirm paragraphs 1-91 as if fully set forth herein.

93.     Defendants' conduct and actions as alleged herein violated The Consumer Legal Remedies Act ("CLRA"), Bus. & Prof. Code § 1750, et seq. As such, defendants engaged in unfair, unlawful and fraudulent business acts and practices in violation of Bus. & Prof. Code § 17200, et seq.

-17-    O:\Litigation\Pharmaceutical - Mass Torts\Avandia\CLASS ACTION\Avandia Complaint - Class Action Suit California.wpd

**CLASS ACTION COMPLAINT**

94.     The Consumer Legal Remedies Act ("CLRA") applies to Defendants' actions and conduct described herein.  The CLRA extends to transactions that are intended to result, or which have resulted, in the sale of lease of goods or services to California consumers.

95.     Plaintiffs and each member of the Class are "consumers" within the meaning of Civil Code § 1761(d).

96.     Defendants herein sold their product and services to Plaintiffs and each member of the Class herein.

97.     Defendants conduct as alleged herein violated the CLRA in several respects, as set forth above.

98.     Had Defendants disclosed this material information to Plaintiffs and the Class, they would not have bought Avandia.  As a result of Defendants' acts and conduct alleged herein and in violation of the CLRA, Plaintiffs and the Class have suffered injury.  Plaintiffs and the Class have all suffered a financial loss as a result of the Defendants' acts.

99.     Violation of Bus. & Prof. Code § 1750, et seq., constitutes unfair competition within the meaning of Bus. & Prof. § 17200.  As a result of Defendants' unfair competition, Plaintiffs and the Class suffered injury in fact and lost money or property as a result thereof.

100.    Plaintiffs, individually and on behalf of each member of the Class, seek restitution and injunctive and declaratory relief, including an order requiring defendants to disgorge all profits obtained as a result of their unfair competition.

### THIRD CAUSE OF ACTION

(Violation of Cal. Bus. & Prof. Code § 17500

By All Plaintiffs Against All Defendants)

101.    Plaintiffs re-allege and reaffirm paragraphs 1-100 as if fully set forth herein.

102.    Beginning in or about 1999, Defendants engaged in advertising and marketing to the public and solicited Avandia on a nationwide basis, including in California.

103.    Defendants engaged in the advertising and marketing alleged herein with the intent to directly or indirectly induce the prescription and purchase of Avandia.  The Defendants advertising and marketing contained substantially identical representations concerning the safety, effectiveness, and

-18-

1 efficacy of Avandia.  Each of the representations Defendants made regarding Avandia were material,
2 consistent, uniform, and widespread.  Defendants specifically targeted the Class and their doctors.  In
3 fact, Defendants intended for their representations to affect the conduct of the Class' doctors prescribing
4 habits.  Plaintiffs themselves and their doctors relied on these representations.  Plaintiffs, individually
5 and on behalf of each member of the Class, seek economic damages, restitution and injunctive and
6 declaratory relief, including an order requiring Defendants to disgorge all profits obtained as a result of
7 their unfair competition.

8       104.   Defendants' advertising and marketing was untrue, misleading, and likely to deceive the
9 public and/or have deceived the public.

10       105.   As a result of Defendants' acts and conduct alleged herein, and in reliance on the false,
11 misleading and deceptive advertising and marketing carried out by defendants, Plaintiffs and the Class
12 have suffered injury.  Plaintiffs and the Class have all suffered a financial loss as a result of the
13 Defendants' acts.

14       106.   In making and disseminating the false, deceptive or misleading solicitations, as alleged
15 herein, Defendants knew or should have known that the information and statements contained therein
16 were false, deceptive or misleading, and have acted in violation of Cal. Bus. & Prof. Code § 17500, et
17 seq.

18       107.   Plaintiffs, individually and on behalf of each member of the Class, seek restitution and
19 injunctive and declaratory relief, including an order requiring defendants to disgorge all profits obtained
20 as a result of their unfair competition.

21 **FOURTH CAUSE OF ACTION**

22 (Unjust Enrichment

23 By All Plaintiffs Against All Defendants)

24       108.   Plaintiffs re-allege and reaffirm paragraphs 1-107 as if fully set forth herein.

25       109.   As a result of Defendants' actions, which constitute unjust enrichment, Plaintiffs and the
26 Class suffered financial injury for which Defendants are liable.  Plaintiffs, individually and on behalf
27 of each member of the Class, therefore seek restitution and injunctive and declaratory relief. In selling
28 Avandia to Plaintiffs and the Class, Defendants withheld material information, and made numerous

-19-

1  misrepresentations, and otherwise acted in a manner likely to deceive consumers, including information

2  about Avandia's true safety, effectiveness, and efficacy.

3      110.    Defendants were unjustly enriched by this deceptive, false, and misleading conduct. They

4  were unjustly enriched by selling a product that was not as represented by Defendants, and indeed, was

5  dangerous to the very persons to whom the drug was marketed and sold.

6      111.    As a result of Defendants' actions, which constitute unjust enrichment, Plaintiffs and the

7  Class suffered financial injury for which Defendants are liable.  Plaintiffs, individually and on behalf

8  of each member of the Class, therefore seek restitution. Plaintiffs re-allege the allegations contained in

9  the foregoing paragraphs as if set forth verbatim.

10                          **FIFTH CAUSE OF ACTION**

11                         (Breach of Implied Warranties

12                       By All Plaintiffs Against All Defendants)

13      112.    Plaintiffs re-allege and reaffirm paragraphs 1-111 as if fully set forth herein.

14      113.    GSK impliedly warranted that Avandia, which it designed, manufactured, marketed,

15  advertised, promoted, and sold to the Class, was merchantable and fit and safe for ordinary use. GSK

16  further impliedly warranted that Avandia was fit for the particular purpose of treating patients for

17  diabetes – when Avandia's propensity for causing heart attacks was exactly the opposite of what these

18  patients needed.

19      114.    GSK further impliedly warranted that Avandia was effective in treating diabetes.  It

20  further impliedly warranted that Avandia was efficacious in treating diabetes.

21      115.    Avandia was defective, unmerchantable, and unfit for ordinary use when sold, and unfit

22  for the particular purpose for which they were sold.  Therefore, GSK breached the implied warranties

23  of merchantability and fitness for a particular purpose when Avandia was sold to the Class.

24      116.    As a direct and proximate result of GSK's breach of the implied warranties of

25  merchantability and fitness for a particular purpose, the Class and Plaintiffs have sustained damages, and

26  are therefore entitled to compensatory damages and equitable relief according to proof.

27

28

G:\Litigation\Pharmaceutical - Mass Torts\Avandia\CLASS ACTION\Avandia Complaint - Class Action Suit California.wpd

**CLASS ACTION COMPLAINT**

## SIXTH CAUSE OF ACTION

(Breach of Express Warranties

By All Plaintiffs Against All Defendants)

117.   Plaintiffs re-allege and reaffirm paragraphs 1-116 as if fully set forth herein.

118.   Defendants expressly warranted to Plaintiffs and the Class, by and through Defendants and/or their authorized agents or sales representatives, in publications, the internet, and other communications intended for medical patients, and the general public, that Avandia was safe, effective, fit and proper for its intended use.

119.   In purchasing Avandia, Plaintiffs and the Class relied on the skill, judgment, representations, and express warranties of Defendants. These warranties and representations were false in that Avandia is not safe and is unfit for the uses for which it was intended.

120.   Through its sale of Avandia, Defendants are merchants pursuant to Section 2-314 of the Uniform Commercial Code.

121.   Any disclaimers of express warranties are ineffectual as they were not provided to Plaintiffs or otherwise made known to Plaintiffs. In addition, any such disclaimers are unconscionable.

122.   As a direct and proximate result of Defendants' breach of express warranty, Plaintiffs have sustained economic losses and other damages for which they are entitled to compensatory damages in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

(Violation of California Consumer Legal Remedies Act,

Cal. Bus. & Prof. Code § 1750, et seq.

By All Plaintiffs Who Were 65 years old or older when they purchased AVandia

Against All Defendants)

123.   Plaintiff Wilson re-alleges and reaffirms paragraphs 1-122 as if fully set forth herein.

124.   In addition to the numerous violations of the CLRA noted above, Defendants actions have met the criteria set forth in Cal. Civ. Code §§ 1780 (a), and 3345. As such, Plaintiffs who were 65 years old or older when they purchased Avandia and entitled to additional  relief under those provisions of up to and including $5000 per violation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, all others similarly situated, and on behalf of the General Public, pray for relief as follows:

1.  An order certifying this case as a class action and appointing Plaintiffs and their counsel to represent the Class;

2.  Individual restitution to Plaintiffs and each member of the Class;

3.  As to the First Cause of Action, Plaintiffs and each member or the Class seek economic damages caused to Plaintiffs and each member of the class by Defendants;

4.  An order requiring Defendants to immediately cease its wrongful conduct as alleged herein;

5.  An order requiring Defendants to disgorge all profits obtained as a result of their unfair competition;

6.  Prejudgment interest at the maximum legal rate;

7.  Costs of the proceedings herein;

8.  Reasonable attorneys fees and costs;

9.  Punitive damages; and,

10. All such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

DATED:  April 4, 2008

WILLIAMS KHERKHER HART BOUNDAS LLP

By:  _____

George E. Rosemond, Esq.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-2200

ATTORNEYS FOR PLAINTIFFS

-22-

**CLASS ACTION COMPLAINT**